I write separately to clarify my view of the essential issue in this case.
In my view, the fact that Hoffer is in no position to give useful testimony concerning the events leading up to the shooting does not implicate Equal Protection. In some cases, a party may have observed, and recall, a wealth of relevant facts, concerning which he may testify; in others, the party may not have been in a position to have seen what happened, or, as in this case, may not recall what happened. It is doubtful, for example, that Hoffer was in a position to observe what the forensic experts did and saw in the course of their investigations concerning the cause of his wife's injuries. The fact that he cannot testify concerning these facts, or even advise his attorneys of his perception of these facts, does not deprive him of Equal Protection or Due Process. It is not state action that has impaired Hoffer's perception or recollection of events, but his own, unfortunate ability to recall the events. Had Hoffer pointed a gun in the general direction of his wife, but looked away just before pulling the trigger, and then walked away from the scene without looking back, would we say that he had rendered himself incompetent to stand trial? I think not. And yet, his ability to give useful testimony concerning what happened would have been impaired, as would have been his ability to advise his counsel concerning events.
The fact that Hoffer cannot recall what happened at the time of the shooting, in itself, does not establish that he is incompetent to stand trial. State v. Brooks (1986), 25 Ohio St.3d 144. Just because Hoffer has the right to testify in his own defense, and to communicate with counsel, does not guarantee that he will have useful evidence to give.
I accept the fact that Hoffer's memory loss is legitimately the result of psychogenic amnesia. Nevertheless, in my view it does not establish his incompetence to stand trial. Therefore, I join in affirming the judgment of the trial court.